**LI PING ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–2170–ag.**

United States Court of Appeals, Second Circuit.

March 12, 2008.

mer Acting Attorney General Peter D. Keisler as a respondent in this case.

Liu Yu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Michelle Gorden Latour, Aiistant Director; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Li Ping Zheng, a native and citizen of the People's Republic of China, seeks review of an April 30, 2007 order of the BIA affirming the November 11, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Ping Zheng*, No. A95 673 356 (B.I.A. Apr. 30, 2007), *aff'g* No. A95 673 356 (Immig. Ct. N.Y. City Nov. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA affirmed the IJ's credibility determination, while rejecting two of the IJ's specific findings; accordingly, we review the IJ's decision in light of those modifications. We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir.2007). While we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir. 2005), that is not this case.

1. *Administrative Exhaustion*

As an initial matter, the Government correctly asserts that, on appeal to the BIA, Zheng failed to challenge (1) the reliability of her airport and credible fear interviews and (2) the accuracy of the translation of the asylum hearing. We decline to review those issues. *See Lin Zhong v. United States Dep't of Justice*, 480 F.3d 104, 123 (2d Cir.2007) ("Consistent with the strong prudential rationale for requiring all issues raised on appeal to have been presented below, our circuit applies an issue exhaustion doctrine to petitions for review from the BIA.").

2. *Adverse Credibility Finding*

We conclude that the agency's adverse credibility finding is supported by substantial evidence. Specifically, the IJ identified a material inconsistency between Zheng's application for asylum, which alleged persecution on account of her practice of Falun Gong in China, and her air-

**54**

port interview, in which Zheng stated that she came to the United States "to find a job to earn money to help [her] father and family," notably omitting any mention of Falun Gong. When the IJ asked Zheng to explain the omission, petitioner stated that she had been afraid and nervous at the airport interview. The IJ rejected this explanation, and we cannot conclude that the record compelled otherwise. *See* 8 U.S.C. § 1252(b)(4)(B). Indeed, the IJ's conclusion found further support in the fact that Zheng failed to mention Falun Gong in her credible fear interview. The IJ's adverse credibility finding was also informed by Zheng's failure to corroborate her claim that she practiced Falun Gong every day during her year in the United States. This court has held that an applicant's failure to corroborate his or her testimony may bear on credibility, particularly when, as in this case, the absence of corroboration precludes rehabilitation of testimony that has already been called into question. *See Xiao Ji Chen v. United States Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Inasmuch as Zheng based her claim for withholding of removal and CAT relief on the same evidence as her asylum claim, and the IJ properly found that this evidence lacked credibility, these claims necessarily also fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).